In the

# United States Court of Appeals

## For the Seventh Circuit

No. 17-3286

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

CONNIE DOWNEY,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:17-cr-00193-1 — **John Robert Blakey**, *Judge.*

ARGUED SEPTEMBER 7, 2018 — DECIDED NOVEMBER 2, 2018

Before WOOD, *Chief Judge*, and ROVNER and BRENNAN, *Circuit Judges*.

ROVNER, *Circuit Judge.* On or about March 21, 2017, Connie Downey attempted to rob the Associated Bank in Waukegan, Illinois, by approaching a bank teller, pointing a cap gun at her, and demanding money. When the teller and a co-employee both ducked behind the counter, he left the bank. The follow-

ing day, he entered TCF Bank in Waukegan holding a cap gun at his side, but after observing the number of people in the bank and that a partition separated the customer area from the bank teller counter, he left the bank. TCF Bank contacted the police after he left and he was arrested a short distance away from that bank following a brief foot chase.

He subsequently pled guilty to attempted bank robbery, in violation of 18 U.S.C. § 2113(a) and entry of a bank with intent to commit larceny, also in violation of 18 U.S.C. § 2113(a). The district court sentenced him to 57 months' imprisonment and 3 years of supervised release. The court imposed a number of conditions on his supervised release, some of which he now challenges in this appeal.

As an initial matter, the government argues that Downey has waived the challenges, or that at a minimum the argument must be reviewed only for plain error, because no objection was made in the district court and defense counsel responded in the negative when the court asked if anyone had an objection to the terms or conditions of supervised release or justifications set forth by the probation officer in the Presentence Investigation Report. It matters not to this case, however, whether the challenges are waived or forfeited and therefore reviewed for plain error, because the challenges cannot meet the plain error standard and in fact are without merit under any standard.

First, Downey challenges the imposition of mandatory and discretionary conditions relating to drug testing. Mandatory condition #6 provides:

    you shall refrain from any unlawful use of a con-

trolled substance AND submit to one drug test within 15 days of release on supervised release and at least two periodic tests thereafter, up to 104 periodic tests for use of a controlled substance during each year of supervised release.

Dist. Ct. Judgment at 3.

Discretionary condition #9 imposes a similar limitation on drug testing, providing:

you shall participate, at the direction of a probation officer, in a substance abuse treatment program, which may include urine testing up to a maximum of 104 tests per year.

*Id.*

Downey does not dispute that regular drug testing is appropriate. Nor does he complain that as many as 104 tests would be unreasonable. In his arguments in mitigation at sentencing, he maintained that his current and past crimes were a product of his 40 years of drug addiction and that he needed drug treatment. He even requested that his sentence include the provision of such drug treatment. In this appeal, however, he argues that the two conditions would subject him to as many as 208 drug tests per year, and that such an amount is unreasonable.

The provisions, however, read together cannot support such an interpretation. The mandatory condition is a global limitation on the number of drug tests, setting a maximum number of drug tests "during each year of supervised release." The discretionary provision addresses a subset of all drug tests,

allowing urine tests as many as 104 times per year as part of a substance abuse treatment program. Thus, the discretionary condition allows such programs to include such drug tests up to the maximum allowable yearly tests to which a person on supervised release can be subjected. Nothing in that provision purports to expand the total number of drug tests per year from the 104 maximum set forth in the mandatory condition. Both provisions reflect the principle that the maximum number of drug tests per year is 104, and if there is any doubt we now hold that the discretionary condition does not authorize any drug tests that would exceed the maximum number of 104 tests provided in the mandatory condition. Downey does not dispute the reasonableness of 104 tests, and therefore that interpretation of the language of the conditions resolves his challenge to them.

The remaining challenge he pursues is to the discretionary condition that allowed the probation officer to visit Downey at any location specified by the probation officer. Downey argues that the provision is at odds with our decision in *United States v. Henry*, 813 F.3d 681, 683 (7th Cir. 2016), in which we expressed concern that a probation officer would be allowed to "pick a location that may be inconvenient for the defendant." For this argument, however, Downey ignores the limiting language in this condition. His challenge is to discretionary condition #16, which provides:

> you shall permit a probation officer to visit you at any reasonable time at home [or] other reasonable location specified by a probation officer; [and] you shall permit confiscation of any contraband observed in plain view of the probation officer.

Dist. Ct. Judgment at 4.

Unlike the language in *Henry*, which allowed a probation officer "to visit him or her at any time at home or elsewhere," the condition in this case limits such visits to "any reasonable time" at home or "other reasonable location … ." *Henry*, 813 F.3d at 683. In *Henry*, we explicitly noted that the concern with the probation officer choosing an inconvenient, inappropriate or remote location could be alleviated by including a requirement of reasonableness, and cited to our decision in *United States v. Armour,* 804 F.3d 859, 864, 870 (7th Cir.2015) which approved a condition permitting a probation officer to visit at home or any other *reasonable* location … ." (emphasis in *Henry*). 813 F.3d at 683–84. The court here comports with that guidance from *Henry*, and the limit to a "reasonable" location resolves the concern that the condition would allow the probation officer to choose an inappropriate location.

Downey argues, however, that the court should have required "a mutually convenient location designated by the probation officer." In *Henry*, we suggested such language as a means to resolve the concern that a probation officer could choose an inconvenient location. *Id.* But we did not mandate such language, nor did we hold that adding such language was the only means of addressing the concern with vesting unbridled discretion in the probation officer over the location of meetings. In fact, in *Henry* we explicitly recognized that the same concern could also be resolved by language requiring that the location be "reasonable." *Id.* at 684. That is what the court did in this case, including the requirement that the location be "reasonable" as we approved in *Henry* and *Armour.*

Because that language adequately resolves the concern with the probation officer's discretion, the challenge to the discretionary condition is without merit.

Accordingly, the decision of the district court is AFFIRMED.